UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLARD REED KELLY, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-1110 |
| | ) Judge Aleta A. Trauger |
| MORGAN STANLEY SMITH BARNEY, LLC; MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS, LLC; and THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, | ) |
|     Defendants. | ) |

## MEMORANDUM & ORDER

Pending before the court is a Motion for Judgment on the Pleadings (Docket No. 40) filed by the defendants Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Notes Holdings, LLC (collectively, "Morgan Stanley"), to which the plaintiff Willard Reed Kelly has filed a Response in opposition (Docket No. 42), and Morgan Stanley has filed a Reply (Docket No. 43). For the reasons discussed herein, Morgan Stanley's motion will be granted.

## BACKGROUND

The following facts are undisputed. Mr. Kelly is a former employee of Morgan Stanley. In an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA"), Morgan Stanley asserted a claim against Mr. Kelly for breach of a promissory note. Under the terms of the promissory note, Mr. Kelly and Morgan Stanley agreed this claim would be settled by FINRA and that "judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (Docket No 21-2 (Ex. B) p. 6.) Mr. Kelly – with the representation of his former counsel, J. Thomas Jones of the law firm Jones, Meadows & Wall,

1

PLLC of Knoxville, Tennessee – filed an answer in that proceeding, denying liability on the promissory note, and asserting a counterclaim against Morgan Stanley for breach of an employment agreement. On the morning of April 1, 2015, a hearing was held before a FINRA arbitration panel in Nashville, Tennessee. Mr. Kelly was not present at that hearing, though Mr. Jones, his attorney at the time, was in attendance. The arbitration panel gave Mr. Jones several opportunities to contact Mr. Kelly during the hearing and offered for Mr. Kelly to appear by phone and/or to return later that afternoon or the following day. Ultimately, Mr. Jones represented to the arbitration panel that Mr. Kelly was unavailable and declined to attend the hearing, and Mr. Jones moved to postpone the hearing to a later date. The arbitration panel denied this motion after Morgan Stanley asserted that the hearing had been previously postponed, the April 1, 2015 date had been agreed upon by the parties, and, in the interim, Mr. Kelly had not responded to Morgan Stanley's requests for discovery in this matter. On June 9, 2015, FINRA issued a decision awarding judgment to Morgan Stanley on its claim (the "Award"), ordering compensatory damages and interest (but not attorney's fees), and denying Mr. Kelly's counterclaim.[1]

## PROCEDURAL HISTORY

On July 9, 2015, Mr. Kelly initiated this action in the Eastern District of Tennessee at Knoxville, seeking to vacate the Award and remand the matter to FINRA for a new arbitration hearing, under 9 U.S.C. § 10(a)(1) of the Federal Arbitration Act (the "FAA"). (Docket No. 1.)

---

[1] In his pleadings, Mr. Kelly refers to the Award as a "default" award, as it was issued in light of his absence from the hearing. The Award, however, does not indicate that Mr. Kelly's absence was the basis for FINRA's decision; instead, it states that the decision was reached "[a]fter considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any)." (Docket No. 7-1 (Award).) It is not clear from the record whether Mr. Jones presented evidence on Mr. Kelly's behalf at the hearing.

On July 22, 2015, Mr. Kelly filed an Amended Complaint (the "Complaint"). (Docket No. 7.) The primary allegations in the Complaint are that Mr. Jones falsely represented Mr. Kelly's unavailability to the arbitration panel at the April 1, 2015 hearing; that, in fact, Mr. Jones had never informed Mr. Kelly of the hearing; that he had likewise never informed Mr. Kelly of Morgan Stanley's discovery requests; and that Mr. Kelly did not become aware of the Award, or of the fact that the hearing had taken place, until he was contacted by other attorneys at Mr. Jones' law firm in July of 2015. The Complaint further alleges that Mr. Kelly should be given another opportunity to present his case before FINRA because of the nature of the potential consequences he can suffer as a result of the Award, including FINRA's right to suspend his securities license in the event that the Award is not vacated and remains unpaid. According to the Complaint, FINRA was named as a "notice party," and there are no claims against FINRA.

Attached to the Complaint are two emails, both dated July 9, 2015, from Mr. Jones' former law firm, Jones, Meadows, & Wall, PLLC. The first is an email to Mr. Kelly, explaining that Mr. Jones had "become incapacitated from practicing law as a result of a serious mental health issue," acknowledging that Mr. Jones had failed to inform Mr. Kelly of the issuance of the Award, and advising Mr. Kelly to take immediate action in light of the 30-day deadline to either pay the judgment or move to vacate the Award. (Docket No. 7-2.) The second is an email to FINRA, repeating the facts about Mr. Jones' incapacitation, explaining that Mr. Jones had not informed Mr. Kelly of the April 1, 2015 hearing or of the Award, and asking for an extension of time to reopen the arbitration hearing. (Docket No. 7-3.) Also attached to the Complaint is a motion to vacate the Award that was filed with FINRA, referencing the simultaneous motion filed in federal court. (Docket No. 7-4.) It is not clear from the record whether FINRA ever issued a decision on this motion.

3

On October 9, 2015, Morgan Stanley filed an Answer in this action, opposing the vacatur of the Award on the grounds that Mr. Kelly's allegations – which are based solely on the conduct of his counsel and do not include any misconduct by Morgan Stanley – do not constitute grounds for vacatur under 9 U.S.C. § 10(a)(1), along with a counterclaim seeking to confirm the Award. (Docket No. 21.)

On October 19, 2015, Mr. Kelly filed an Answer to Morgan Stanley's counterclaim, opposing confirmation of the Award on the grounds that the court should allow this matter to proceed to discovery to determine whether vacatur of the Award is appropriate. (Docket No. 27.) Attached to the Answer is an Order by the Supreme Court of Tennessee temporarily suspending Mr. Jones from the practice of law. (Docket No. 27-1.) Mr. Kelly does not appear to oppose the confirmation of the Award on any grounds other than the allegations regarding Mr. Jones that are raised in his pending Motion to Vacate.

On October 19, 2015, the Eastern District of Tennessee – in response to a consent motion of the parties – issued an order transferring this action to the Middle District of Tennessee. (Docket No. 28.)

On November 20, 2015, Morgan Stanley filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) (Docket No. 40), along with a Memorandum in Support (Docket No. 41). On December 9, 2015, Mr. Kelly filed a Response in opposition (Docket No. 42) and, on December 22, 2015, Morgan Stanley filed a Reply (Docket No. 43).

## **LEGAL STANDARD**

Under Rule 12(c): "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion under Rule 12(c) is governed by the same standards that govern a motion to dismiss for failure to state a claim under Rule 12(b)(6).

*See Reilly v. Vadlamudi,* 680 F.3d 617, 622–23 (6th Cir. 2012). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581–82. It is well settled that a Rule 12(c) motion should be granted when there is no material issue of fact and the party making the motion is entitled to judgment as a matter of law. *Id.* at 582. Finally, on a Rule 12(c) motion, the court may consider documents attached to and referenced in the pleadings without converting the motion into a motion for summary judgment. *See Barany–Snyder v. Werner,* 539 F.3d 327, 333 (6th Cir. 2008).

## **ANALYSIS**

Under 9 USC § 10(a)(1) of the FAA, "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . where the award was procured by corruption, fraud, or undue means."

> To merit the vacation of the arbitration award under 10(a)(1) for either fraud or undue means, the movant must demonstrate: (1) clear and convincing evidence of fraud, (2) that the fraud materially related to an issue involved in the arbitration, and (3) that due diligence would not have prompted the discovery of the fraud prior to the arbitration.

*Bauer v. Carty & Co., Inc.*, 246 F. App'x 375, 377 (6th Cir. 2007) (internal citations omitted).

Mr. Kelly argues that the alleged misrepresentations to FINRA by his former counsel, Mr. Jones, as well as Mr. Jones' alleged concealment from Mr. Kelly of key developments in the arbitration, qualify as fraud and undue means and, therefore, serve as a basis for vacating the Award under § 10(a)(1). Mr. Kelly can point to no case law, however, nor is the court aware of

5

any, in which an arbitration award was vacated on the basis of misconduct by the losing party's own counsel. To allow Mr. Kelly's claim to proceed, the court would have to invent whole cloth an entirely new category of grounds for vacatur of an arbitration award, not provided for in the FAA or by any other legal precedent. While there is evidence in the record to suggest that Mr. Jones' representation of Mr. Kelly was probably compromised by Mr. Jones' mental health and did not comport with standards of legal practice, this does not redound to the detriment of Morgan Stanley, which played no role in any "fraud" or "undue means" that impacted the arbitration proceeding. Rather, Mr. Kelly's options for redress are most likely limited to a malpractice claim against Mr. Jones.

With respect to Morgan Stanley's counterclaim, the FAA provides for confirmation of arbitration awards as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. This provision has been interpreted by the Sixth Circuit as a "presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). It is undisputed that the parties agreed to the entry of judgment of any FINRA award concerning the claim underlying this action, by any court with jurisdiction. Mr. Kelly does not dispute that, if not vacated, the Award should be confirmed; he argues only that confirmation is not appropriate because his Motion to Vacate should proceed. In light of the court's findings, as discussed above, that there are no grounds for vacatur of the Award, the court

6

further finds that confirmation of the Award is appropriate and will, therefore, grant Morgan Stanley's counterclaim.

## **CONCLUSION**

For the foregoing reasons, Morgan Stanley's Motion for Judgment on the Pleadings is **GRANTED**. Mr. Kelly's claim to vacate the Award is **DISMISSED WITH PREJUDICE,** Morgan Stanley's counterclaim to confirm the Award is **GRANTED,** and the Award is hereby **CONFIRMED**.

Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 25th day of February 2016.

ALETA A. TRAUGER
United States District Judge